Reese, J.,
delivered the opinion of the court.
The defendant in 1837, was an occupant, at the time of the passage of the act of that year, ch. 1, of a quarter section of land, upon which he had erected a valuable mill, at a cost of upwards of $4000; and having by virtue of the last clause of the 6th section of said act, a priority of entry, caused the entry-taker, in pursuance to said clause, to appoint commissioners to value the same, who made their valuation, and thereupon the defendant procured an entry and grant for the same. Above the said mill on another quarter section, then vacantand unoccupied, there is aspringofwateruponthemarginof the creek, very little elevated above the current of the creek, which at the same time of said valuation, entry and grant, was covered by the back water from the dam of the defendant. The said spring is so low, or so near the creek, that it is necessarily covered by any water available at the site below; and in fact there is no mill site there, if said spring must not be covered by back water *83 from the dam. The assignor of the complainant afterwards, and while the said spring was so covered over by the back water from the defendant’s dam, became a settler and occupant upon the quarter section including said spring, and has assigned to the complainant, who having procured title from the State, has filed this bill to enjoin the defendant from the use of his mill dam; in effect to abate the same upon the sole ground, it may be said, of the spring in question; for,, although, other-grounds have been stated in the bill, they are not satisfactorily made out in proof. What, then, are the rights of -the parties upon this ground of complaint? Are they other or different from what they would have been, if the complainant had been, instead of the State, the sole riparian owner at the time of the erection of defendant’s mill, and had sold and conveyed to him the mill seat with the mill constructed, and the dam also backing the water over his spring, and years afterwards had filed this bill to abate the dam on the ground of the spring above, would he have been permitted to succeed in such a purpose? We think not. And yet we take it, that as strong a case, at least, against the relief complainant seeks, is now before us. The State was the great and sole riparian owner, the entry-taker, through his commissioners, valued the quarter section upon which the mill and dam were erected, as a mill site, and the money was paid to the State. The defendant could not cause the commissioners to value the quarter above; with regard to it he had no priority. The mill was built and the lands in the general neighborhood were probably enhanced in price to the State by the expenditure of the defendant in erecting this much needed manufactory; could the State, when the grant issued, have filed a bill to abate the dam on account of the spring, and have succeeded? We think not. The quarter was valued, entered and granted for a special purpose; that purpose being the construction of mills, to the end, of these being profitably carried out. Could the State, without wrong, retain the price of the valuation and destroy the thingfor which the amount was given, upon the ground that its beneficial use of the quarter above was diminished; a fact known to the valuers at the time of the valuation, or which might have been known to them. Does the *84 subsequent occupant settler, or his assignee, stand in a better attitude; and is he clothed with greater equities than the State? Does he not, under the circumstances of the. case, take his land cum oneril
We are of this opinion, and, therefore, reverse the decree of the Chancellor, and dismiss the bill.